1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
   Daniel Arthur Gutenkauf,           )    No. CV-10-02129-PHX-FJM
9                                      )
                  Plaintiff,           )    **ORDER**
10                                     )
    vs.                                )
11                                     )
                                       )
12  The City of Tempe, et. al.,        )
                                       )
13                Defendants.          )
                                       )
14  _____)

15          The court has before it the AAA defendants'[1] motion to dismiss (doc. 43), plaintiff's

16  response (doc. 54), and the AAA defendants' reply (doc. 55).  We also have before us the

17  State defendants'[2] motion to dismiss (doc. 57), plaintiff's response (doc. 83), and the State

18  defendants' reply (doc. 86).  In addition we have before us, the Redflex Traffic Systems

19  defendants'[3] motion to dismiss (doc. 79), plaintiff's response (doc. 88), and the Redflex

20  defendants' reply (doc. 93).  And finally, we have the City of Tempe defendants'[4] motion to

21

22          [1] The AAA defendants are: AAA Photo Safety, Inc., David Pickron, Stephanie
23  Pickron, and Casey Arnett.

24          [2] The State defendants are: Terry and Monica Goddard, Roger and Valerie
25  Vanderpool, and John and Ruth Halikowski.

26          [3] The Redflex defendants are: Redflex Traffic Systems, Inc. ("Redflex"), Graham
    Davie, Karen and Tim Finely, Bill Harper, Matthew DeGraw, and their respective spouses.
27

28          [4] The City defendants are: the City of Tempe, Tempe City Council, Hugh Hallman,
    Susan Hallman, Joel Navarro, Mark W. Mitchell, Debra Mitchell, P. Ben Arrendondo,

1   dismiss (doc. 87), plaintiff's response (doc. 95), and the City defendants' reply (doc. 97).

2   **I. Background**

3         This action arises out of a speeding ticket issued to plaintiff via a photo radar camera.

4   Plaintiff is the registered owner of the vehicle.  Plaintiff did not respond to the ticket.

5   Thereafter, defendant Casey Arnett served plaintiff with process.  Plaintiff requested a

6   hearing to contest the ticket.  Plaintiff argued that the ticket was issued without verification

7   that he was the driver and not his identical twin brother.  The Tempe City court found

8   plaintiff responsible for the traffic ticket and assessed him $171.00, plus $26 for the service

9   of process costs.  Plaintiff appealed.  The Superior Court of Arizona in Maricopa County

10  reversed and dismissed the charges against plaintiff.  The City of Tempe refunded plaintiff's

11  payment in full.  Plaintiff thereafter filed a notice of claim with the City pursuant to A.R.S.

12  § 12-821.01.  Plaintiff offered to settle his claim against the City for $699.00.  The City

13  accepted.  However, after the City twice attempted to send plaintiff a check, plaintiff refused

14  to sign a release and returned the check.

15        Plaintiff's abusive 93 page first amended complaint ("FAC") asserts various § 1983

16  causes of action against police officers, judges, the State, the City, and all the companies and

17  respective officers involved in photo radar traffic enforcement.  Plaintiff claims violations

18  of his rights under the Fourth, Sixth, and Fourteenth Amendments.  In addition, plaintiff

19  asserts conspiracy and RICO violations. Plaintiff also seeks injunctive and declaratory relief

20  that Redflex is required to obtain a private investigator's license, and that all City defendants

21  with "non-conforming loyalty oaths" be denied compensation and their offices deemed

22  "vacant."  <u>FAC</u> ¶¶ 383-400.

23  / / /

24  _____

25  Ruthann Albrighton-Arredondo, Shana Ellis, and unknown Ellis Richard Antonio, Onnie
    Shekerjian, Brian Hart Shekerjian, Corey D. Woods, Jan Hort, Gerald J. Hort, Charlie Meyer,
26  Deborah W. Meyer, Thomas Ryff, Rose Ann Ryff, Noah Johnson, Jennifer Johnson, Aaron
    Colombe, Susan Colombe, Bianca Gallego, Kerby Rapp, Lillian Rapp, Shelly Seyler,
27  Louraine C. Arkfeld, Mary Jo Barsetti, David E. Nerland, Nancy Rodriguez, David J.
    McAllister, Jacquelina McAllister, and Michael Greene.
28

**II.  Pleading, Standing, and Case or Controversy**

Plaintiff's 93 page complaint violates Rule 8(a), Fed.R.Civ.P., which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Nevertheless, the State defendants argue that we should dismiss plaintiff's complaint for lack of standing. Plaintiff successfully appealed a finding of responsibility under A.R.S. § 28-701(A), was refunded his money, and voluntarily chose to forego the City's acceptance of his offer.  He has suffered no harm.  There no longer is a case or controversy under Article III.

Moreover, plaintiff lacks standing to seek declaratory or injunctive relief.  Plaintiff seeks a declaration that Redflex is acting as a private investigator and must obtain a private investigator's license.  Plaintiff also asks for an injunction disqualifying Redflex as a private investigator.  Standing requires an actual and particularized injury in fact, a casual connection between the injury and the conduct complained of, and a likelihood that a favorable decision will redress the injury.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-62, 112 S.Ct. 2130, 2136 (1992).  Plaintiff alleges no casual connection between his injury, the fees and costs in defending his civil traffic citation, and Redflex's failure to obtain a private investigator's license.  Moreover, a declaration that Redflex is required to be licensed would not redress plaintiff's injury.  See Bell v. Redflex Sys. Inc., 374 Fed. Appx. 518, 520-22 (5th Cir. 2010) (dismissing a similar claim for lack of standing).

Plaintiff similarly lacks standing to seek a declaration that the City defendants' loyalty oaths do not comply with Arizona law.  Plaintiff does not allege any particularized injury resulting from the alleged non-conforming oaths, nor could plaintiff's injury be redressed through a declaratory judgment.

Even if plaintiff had standing and even if there was a case or controversy, plaintiff fails to state claims upon which relief may be granted.

**III.  Section 1983**

To state a claim under § 1983, plaintiff must allege facts showing that (1) the defendant was acting under color of state law and (2) the defendant's conduct deprived him of a federal constitutional right. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

1    2006).  We address each alleged deprivation of a constitutional right in turn.

2    **A. Fourth Amendment**

3         Plaintiff claims that his Fourth Amendment rights were violated when he was served

4    with a falsely certified traffic ticket.  Plaintiff argues that he was seized without probable

5    cause because defendants did not compare the image of the driver on the ticket to the picture

6    on his driver's license before issuing the ticket, serving process, and haling him into court.

7    Defendants argue that the mere issuance or service of a traffic citation is not a seizure under

8    the Fourth Amendment.

9         Putting aside the issue of whether all defendants were acting under color of state law,

10   plaintiff did not suffer a Fourth Amendment violation.  A traffic citation is not a seizure

11   under the Fourth Amendment.  Karam v. City of Burbank, 352 F.3d 1188, 1194 (9th Cir.

12   2003); see also Williams v. Chai-Hsu Lu, 335 F.3d 807, 809 (8th Cir. 2003); McNeill v.

13   Town of Paradise Valley, 44 Fed. Appx. 871, *1 (9th Cir. 2002) (upholding a grant of

14   summary judgment against the town of Paradise Valley because "sending a traffic citation

15   to the registered owner of a vehicle based on the photo radar system is not a seizure").

16   Likewise, the issuance of a summons to appear in court is not a seizure.  See Burg v.

17   Gosselin, 591 F.3d 95, 98 (2d Cir. 2010).

18        Although unclear, plaintiff also seems to raise a § 1983 claim for malicious

19   prosecution.  A claim for malicious prosecution requires a showing that defendants

20   prosecuted plaintiff with malice, without probable cause, and for the purpose of denying

21   plaintiff equal protection or another specific constitutional right.  Awabdy v. City of

22   Adelanto, 368 F.3d 1062, 1069 (9th Cir. 2004).  Plaintiff's claim fails for a number of

23   reasons.  First, defendants did not violate plaintiff's Fourth Amendment rights and therefore

24   could not have maliciously prosecuted him with such an intent.  Second, while plaintiff may

25   use the word "malice," the FAC merely pleads facts "consistent with [ ] defendant[s]' liability

26   [and] . . . stops short of the line between plausibility and possibility" sufficient to entitle

27   plaintiff to relief.  Iqbal v. Ashcroft, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Plaintiff does

28   not plead any facts demonstrating motive, such as personal hatred or ill will.  Plaintiff was

1    not deprived of any rights under the Fourth Amendment.

2    **B. Sixth Amendment**

3    Plaintiff alleges a deprivation of his Sixth Amendment rights because the officer that

4    signed his ticket did not appear at his hearing and instead another officer appeared.  The City

5    defendants argue that plaintiff's Sixth Amendment rights were never implicated because he

6    was prosecuted for a civil, not a criminal violation.

7    The Sixth Amendment only applies in the criminal context.  Plaintiff was cited for a

8    violation of A.R.S. § 28-701, a civil traffic violation.  See State v. Poli, 161 Ariz. 151, 152,

9    776 P.2d 1077, 1078 (Ct. App. 1989) (finding that a violation of A.R.S. § 28-701(A) is

10   treated as a civil matter).  Plaintiff's assertion that the violation results in a criminal penalty

11   is without merit.  Arizona law imposes a maximum civil penalty of $250.00 for a civil traffic

12   violation.  See A.R.S. §§ 28-121(B), 28-701, 28-1598.  If the penalty is not paid, the only

13   repercussion is the suspension of driving privileges.  A.R.S. § 28-1601(A). Section 28-701

14   is not so punitive that it has become criminal.  See Hudson v. United States, 522 U.S. 93, 99-

15   100, 118 S.Ct. 488, 493 (1997).  Even if it were criminal, the use of a witness without first

16   hand knowledge would result in the exclusion of evidence, not a § 1983 claim.  Plaintiff's

17   alleged Sixth Amendment violation is not cognizable.

18   **C. Due Process**

19   Plaintiff claims that nearly all of the defendants violated his due process rights by

20   participating in some way in the civil traffic matter.  Defendants move to dismiss because

21   plaintiff was provided with a meaningful post deprivation remedy.

22   Due Process requires that an individual be given notice and an opportunity to be heard

23   at a meaningful time and in a meaningful manner.  Fuentes v. Shevin, 407 U.S. 67, 80, 92

24   S.Ct. 1983, 1994 (1972).  "[A]n unauthorized intentional deprivation of property by a state

25   employee does not constitute a violation of the procedural requirements of the Due Process

26   Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss

27   is available."  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984). Plaintiff

28   received a notice in the mail, had a hearing to contest the ticket, and successfully appealed

1    to the Superior Court which reversed.  Additionally, plaintiff filed a notice of claim against

2    the City and its employees.  The City agreed to settle for the requested amount, but plaintiff

3    failed to accept it.  Plaintiff received all the process he was due.  His alleged deprivations do

4    not in any way support a § 1983 cause of action.  See e.g., Vasquez v. City of Hamtramck,

5    757 F.2d 771, 772 (6th Cir. 1985).

6           Plaintiff asserts violations of substantive due process.  Plaintiff claims that the City

7    and the State defendants acted pursuant to a custom of "deliberate indifference" in issuing

8    traffic tickets based only on a gender match.  The defendants argue that none of plaintiff's

9    substantive due process rights were implicated.

10          "Substantive due process forbids the government from depriving a person of life,

11   liberty, or property in such a way that shocks the conscience or interferes with the rights

12   implicit in the concept of ordered liberty."  Corales v. Bennett, 567 F.3d 554, 568 (9th Cir.

13   2009).  Plaintiff has no substantive due process right to be free from prosecution without

14   probable cause.  Awabdy, 368 F.3d at 1069 (internal citations omitted).  Similarly, plaintiff

15   has no constitutional right to be free from erroneously issued traffic tickets.  Moreover,

16   defendants' actions were not capricious nor do they "shock the conscience" of the court.

17   These claims are frivolous.

18          Finally, plaintiff asserts that the Redflex defendants and Officer Colombe violated

19   A.R.S. § 28-1561(A) and thereby violated the due process clause.  "State law can create a

20   right that the Due Process clause will protect only if the state law contains (1) substantive

21   predicates  governing  official  decision-making,  and  (2)  explicitly  mandatory  language

22   specifying the outcome that must be reached if the substantive predicates have been met."

23   James v. Rowlands, 606 F.3d 646, 656 (9th Cir. 2010).  A.R.S. § 28-1561 merely requires

24   that a certification of "reasonable grounds" be included with a civil traffic complaint.  It does

25   not create any substantive predicates or mandate any outcomes.  Section 28-1561 does not

26   create a due process right entitling plaintiff to relief.

27          Having found no violations of plaintiff's constitutional rights, plaintiff fails to state

28

1  a cause of action under § 1983.[5]  Absent any underlying deprivations of constitutional rights,

2  plaintiff's § 1983 conspiracy claim also fails.

3  **IV.  Immunity**

4          Even if we found that plaintiff's constitutional rights were violated, we would still

5  dismiss his FAC against many of the defendants on the basis of immunity.  Judge Barsetti,

6  Judge Arkfeld, defendant Gallego, and defendant Rodriquez are entitled to judicial immunity.

7  See Stemp v. Sparkman, 435 U.S. 349, 355, 361, 98 S.Ct. 1099, 1107 (1978); Acevedo v.

8  Pima Cnty. Adult Prob. Dep't., 142 Ariz. 319, 321, 690 P.2d 38, 40 (1967); Moore v.

9  Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (court administrators entitled to judicial

10  immunity); Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S.Ct. 496, 500 (1985) (witnesses

11  entitled to judicial immunity).  Defendants Hallman, Arredondo, Woods, Navarro,

12  Shekerjian, Ellis, and Mitchell are entitled to legislative immunity since all alleged actions

13  were taken during official council meetings.  See Bogan v. Scott-Harris, 523 U.S. 44, 49, 118

14  S.Ct. 966, 970 (1998).

15          As for the rest of the City and the State defendants, qualified immunity would shield

16  them from liability because their "conduct does not violate clearly established statutory or

17  constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald,

18  457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).

19  **V.  RICO**

20          Plaintiff's second cause of action arises under the Racketeer Influenced and Corrupt

21  Organizations Act ("RICO").  Plaintiff alleges that defendants committed mail fraud, wire

22  fraud, and extortion in violation of 18 U.S.C. § 1962(c).  In addition, plaintiff claims that

23  nearly all the defendants engaged in a RICO conspiracy.  Defendants move to dismiss on the

24

25          [5]We note that many of plaintiff's claims against individual defendants, such as

26  Pickron, Goddard, and Vanderpool, rely on theories of improper training and supervision.
    Even if we assume that these defendants have supervisory roles, a fact which would not bare

27  out under analysis, they could not be liable. Absent any underlying constitutional violations,

28  the claims for supervisory liability fail as well.

1   basis that plaintiff cannot articulate two or more predicate acts.  Absent an underlying RICO

2   violation, plaintiff's conspiracy claim also fails.

3        To state a claim under § 1962(c), plaintiff must allege (1) conduct (2) of an enterprise

4   (3) through a pattern (4) of racketeering activity."  Sanford v. Memberworks, Inc., 625 F.3d

5   550, 557 (9th Cir. 2010).  Racketeering activity includes the predicate acts of mail fraud, wire

6   fraud, and extortion.

7        We first note that plaintiff's RICO claims against the City, the State, and their

8   employees acting in their official capacity fail because governmental entities are incapable

9   of forming a malicious intent.  Lancaster Cmty. Hosp. v. Antelope Valley Hosp., 940 F.2d

10  397, 404 (9th Cir. 1991).  We therefore only consider the claims against the employees in

11  their individual capacities and the Redflex defendants.

12       Plaintiff claims that the Redflex defendants and Officer Colombe engaged in mail

13  fraud by mailing him a traffic citation that lacked identification information and contained

14  a false certification.  Plaintiff also claims that defendants Gallego and Barsetti are guilty of

15  aiding and abetting.  Defendants argue that the traffic citation does not contain false

16  information and even if it did, the claim must be dismissed for lack of specificity.

17       Plaintiff contends that Officer Colombe's certification is false.[6]  Officer Colombe

18  stated that he was "reasonably certain" that plaintiff was the driver.  Plaintiff never denied

19  that he was the driver and even if a positive identification had been made, Officer Colombe

20  would have been reasonably certain that plaintiff was driving because he and his brother are

21  identical twins. Plaintiff makes no showing that the traffic ticket contained false information.

22       Plaintiff's claim for wire fraud also fails.  Plaintiff alleges wire fraud on the basis of

23  the Redflex defendants' having posted a facial image of someone driving plaintiff's van on

24  the website photonotice.com.  The image is not a false representation and does not contain

25  any statement representing that the driver was positively identified.  Furthermore, plaintiff's

26

27       [6] We may consider the contents of the traffic citation (ex. M) and a print out of
    photonotice.com (ex. V) because they are attached as exhibits to the FAC.  See Knievel v.
28  ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

1   pleading that the "predicate act of Wire Fraud, committed some time around October 22,

2   2009 by an unknown REDFLEX employee", FAC ¶ 284, is insufficient under Rule 9(b)'s

3   particularity requirement. See Sanford, 625 F.3d at 558.

4        Even if plaintiff did establish the predicate act of mail fraud or wire fraud, he cannot

5   satisfy RICO's proximate cause requirement. See Hemi Group, LLC v. City of New York,

6   __ U.S. __, 13 S.Ct. 983, 989 (2010). Even if the Redflex defendants had checked plaintiff's

7   license photo before mailing the ticket and posting the image, that check would not have

8   prevented plaintiff from receiving the citation because he and his identical twin brother look

9   alike. Moreover, the forms served on plaintiff included a section allowing him to identify

10   the actual driver to avoid liability. Had plaintiff simply identified his brother at that point,

11   he would have avoided any purported RICO injury.

12        Finally, plaintiff alleges that the State and the City defendants conspired to commit

13   extortion in violation of 18 U.S.C. § 1951(b)(2) and A.R.S. § 13-1804, and that the Redflex

14   defendants aided and abetted them. The predicate act of extortion cannot be based on the

15   "efforts of Government employees to get property for the exclusive benefit of the

16   Government." Wilkie v. Robbins, 551 U.S. 537, 563-64, 127 S.Ct. 2588, 2605-06 (2007).

17   That is exactly what defendants were doing. The State and the City defendants simply were

18   enforcing traffic laws to obtain remuneration for the exclusive benefit of the government.

19   Those defendants cannot be guilty of extortion. Nor can the Redflex defendants be guilty of

20   aiding and abetting them.

21        Without a substantive RICO claim, the conspiracy claim fails as well. See Howard

22   v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000). We dismiss the RICO cause of action

23   in its entirety.

24   **VI. Conclusion**

25        A little bit of knowledge can sometimes be worse than none at all. Plaintiff's pro se

26   filings demonstrate some exposure to the legal process. But they also demonstrate a

27   fundamental failure to appreciate that the administration of justice promotes fairness, not

28   abuse. This is not plaintiff's first § 1983 action against scores of public officials. See

1   Gutenkauf v. Maricopa Cnty., No. 99-15425, 1999 WL 1080146 (9th Cir. 1999).

2          Plaintiff received his full measure of justice when he obtained the reversal he sought

3   and the City agreed to pay him the sum he demanded.  Not content with this, he made a

4   mountain out of a mole hill and caused great harm to the public by filing frivolous litigation

5   and forcing public entities and officials to spend scare resources on legal fees.

6          Because plaintiff's complaint cannot be cured by amendment, it is **ORDERED**

7   **GRANTING** all defendants' motions to dismiss with prejudice (docs. 43, 57, 79, and 87).

8   The clerk shall enter final judgment in favor of all defendants and against plaintiff.

9          We urge plaintiff to seek the advice of a lawyer before any new filings.  If he does not

10  have one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar

11  Association at 602-257-4434.

12         DATED this 3rd day of May, 2011.

13

14                                    _Frederick J. Martone_____

15                                         Frederick J. Martone
                                         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28